UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>              )<br>          Plaintiff,   )<br>              )<br>     v.       )<br>              )<br> SANXAY XAYADETH,    )<br>              )<br>          Defendant.   )<br> _____) | CASE NO. CR05-317 MJP<br><br>DETENTION ORDER |

Offenses charged:

    Count I: Conspiracy to Distribute MDMA, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(C), and 846; and

    Count II: Carrying a Firearm During and Relation to a Drug Trafficking Crime, in violation of Title 18, U.S.C., Section 924(c).

Date of Detention Hearing: August 25, 2005.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Leonie Grant.

DETENTION ORDER
PAGE -1-

The defendant was represented by Nancy Tenney.

The Government filed a Motion for Detention; the defense argued for release of the defendant with conditions.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug and firearm offenses. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.</u>

The instant offense involves the distribution of illegal drugs and monitored drug activity. Moreover, the defendant was in possession of a firearm at the time of his arrest and admitted his intention in shooting the arresting officer.

(b) <u>The weight of the evidence.</u>

The Court finds the weight of the evidence to be significant, as the instant offense involves the sale of MDMA to DEA confidential sources and surveillance of the defendant's drug activity. Additionally, a search of the defendant's known residence uncovered drugs, a firearm , and ballistic body armor, adding to the overall weight of the evidence.

(c) <u>The history and characteristics of the person, including: the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole, on other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law.</u>

The Court views the defendant as a risk of nonappearance as he is not a U.S. citizen and may be in violation of an immigration order and conditions; his background and personal history are unknown or unverified; and he may have substance abuse issues. Furthermore, the defendant has not complied with sex offender registration requirements as he is not residing at the address where he is currently registered.

(d) <u>Risk of danger to the community.</u>

The nature and seriousness of the instant offense when combined with the defendant's serious criminal history, possible substance abuse issues, and noncompliance with required sex offender registration, defeats any evidence which may have overcome the presumption against release. The Court is gravely concerned with the danger the defendant may pose when it is asserted that the defendant made a statement that he intended to shoot the arresting officer, but that he instead "froze". This admission heightens the defendant's risk of danger to the community when a search of his

confirmed residence uncovered drugs, a firearm, and ballistic body armor.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 7th day of September, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge